Minshall, J.
This is a suit brought in quoioarranto simply to test the right of a city, council to employ firemen in its fire department, and lamp trimmers, as well as an engineer, in its electrical light plant, without the appointment of the mayor, the prayer being simply, that the city and its council be ousted from the claimed' right of so employing these alleged officers without, the appointment of the mayor. The cause is submitted with two other cases, i. e., State ex rel. v. Jennings et al., and State ex rel. v. Anderson et al., reported supra, on an agreed statement of facts applicable alike to the three cases. The facts are sufficiently stated in those cases for the understanding of this one. Briefly, on June 23, 1897, the council of the city of Newark, adopted two ordinances, one relating- to the fire department and one relating to the electrical light department, of the city, by which provision was made in the one for the. employment of firemen, and in the other for the employment of lamp trimmers and an engineer, by the council without the appointment of the mayor; and, by the same ordinances, repealed the former ordinances relating- to these departments. The power of the council to adopt these ordinances with the provisions therein contained for the employment of lamp trimmers and firemen, has been affirmed by this court in the cases above referred to ; and disposes of this, but for the fact *432 that the jurisdiction of the court in a case like this, is questioned, and requires to be disposed of before any judgment on the merits can be given.
This is the first instance in which quo wa/rranto has been brought in this state against a municipal corporation for the simple purpose of testing its powers, or, so far as we know, anywhere else. It is a matter of no consequence what a city may claim its powers to be or what ordinances it may pass, so long as no steps are taken to enforce them. Hence a proceeding simply to test the validity of an ordinance, that as yet in no way affects a right of property or person, nor can until some steps are taken to enforce it, seems not only immature but wholly unauthorized. When steps are taken that will affect the person or property of another, and the ordinance is found to be invalid, the proceedings under it will be enjoined; or where, as in this case, it creates what is claimed to be an office, and provides a mode of filling it, not authorized by law, and proceeds to fill it, the incumbent may be proceeded against in quo warranto, as was done in the preceding cases. The practice in this state has always conformed to this course and is the true one. If it were otherwise the court might be constantly called on to determine the validity of ordinances adopted by the various cities and villages of the state, whether sought to be enforced or not. In a ease brought in the Supreme Court of Iowa, State v. The City of Lyons, 21 Iowa, 432, to test the validity of a certain ordinance, the court said: “Our attention has not been directed to, nor have we been able to find, any case in the books where proceedings in quo warranto, or information in the nature thereof, has been entertained for the purpose of declaring void or annuling a legislative *433 act, whether passed by a state or inferior municipal legislature.” But the court did not pass on the question, as it disposed of the case on the ground that there was authority for the adoption of the ordinance in question.
Whether a suit in quo wa/rranto could be maintained against a city, or the people of a particular locality, to determine its, or their, right to be a corporation need not be passed on. Such use of the writ, as observed by Dillon in his work on Municipal Corporations, was quite common in England before the revolution of 1688, of which he observes that: “The case of the city of London is the most historical example.” But he further observes: “It is believed by the author that such a remedy is not applicable to our corporations, created, as they are, by statute for the benefit not of the officers or a few persons, but of the whole body of the inhabitants residing therein, and the public.”
In State ex rel. v. Board of Education, 7 C.C. Rep., 152, it was held that quo warranto will not lie against a Board of Education to test its right to be a corporation, for the reason that these boards are the agents of the state for the purpose of carrying on the affairs of the state, and the courts have no power to do away with them. That quo ioa/rranto would lie against the individuals claiming to hold the office, but not against the office itself. The right to be a municipal corporation is said, not to be a franchise, and so not within sec. 6761, R. S. This view seems to find support in the opinion of M r. Dillon. In the case before us, the city is not asked to be ousted of the right to be a corporation, but of a certain power. But if such proceed *434 ings were commenced and prosecuted, case after case, it might be destroyed; and it might therefore, at the threshold of such a case, be well heard to say, in the language of the Jew, “You do take my house when you take the props that support it.”

Petition dismissed.